UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT,<br><br>            Plaintiff,<br><br>    v.<br><br>NEW CENTURY MORTGAGE CORPORATION, WELLS FARGO BANK, AMERICAN'S SERVICING CO., AND FIRST AMERICAN TITLE,<br><br>            Defendants. | No. 1:16-cv-01855-AWI-SKO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**SCREENING ORDER**

Plaintiff Cesar A. Betancourt, proceeding *pro se*, alleges a single claim of mortgage fraud against Defendants New Century Mortgage Corporation, Wells Fargo Bank, American's Servicing Co., and First American Title. This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 304.

**I.    Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Accordingly,

1

the Court screens all complaints filed by plaintiffs proceeding *in propria persona* to ensure that the complaint is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief.

## II. Pleading Standards

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]headbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Ball Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recital of the elements of a cause of action." *Id.* at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth fully the legal

2

and factual basis for his claim.

### III. Parties

Although the caption of the complaint includes four defendants, the factual allegations refer to only two: New Century Mortgage Corporation and Wells Fargo Bank. If Plaintiff intends to include American's Servicing Co. and First American Title in his claim of mortgage fraud, he must allege facts tying these defendants to his claim. In addition, the body of the complaint identifies Quality Loan Services Corp. as a defendant but does not include Quality Loan Services Corp. as a defendant in the caption. Should Plaintiff file an amended complaint, as this order permits him to do, he must (1) name all defendants in the caption and (2) include factual allegations against each defendant in the body of the complaint.

### IV. Federal Question Jurisdiction

The complaint does not identify the federal statute upon which federal question jurisdiction is premised. The amended complaint should identify the federal statute under which the mortgage fraud claim proceeds.

### V. Sufficiency of the Statement of Claim

The statement of Plaintiff's claim set forth on pages six and seven of the complaint fails to explain the underlying transaction giving rise to Plaintiff's claim. The complaint does not identify the property secured by the mortgage or provide details concerning the underlying note and mortgage, such as the parties, the mortgage date, or the amount of the loan obligation. The amended complaint must set forth all information concerning the mortgage and the debt that the mortgage was intended to secure. Because the complaint appears to raise claims against multiple lenders, the allegations must state the relationships of these multiple lenders to Plaintiff and to each other. Plaintiff may wish to attach copies of the note and mortgage as clearly labeled exhibits to the complaint and incorporate the exhibits by reference.

The first allegation of the complaint states, "New Century 'Mortgage prosses Fraud.'" Doc. 1 at 6. To the extent that Plaintiff intended to allege that New Century committed mortgage processing fraud, this allegation is conclusory. The complaint must set forth specific facts sufficient to support a claim of fraud against New Century under the federal statute on which the complaint proceeds.

The next allegations state:

> Well[s] Fargo Bank "1. advice from representative to be late on payments to qualify for modification 2. Disqualify for Modification. First to make more money to qualify and 2 not to make enough money to qualify but Bank put the number that they want, 3. They lost documents and month by month I had to send information again and again for about 3 years.

Doc. 1 at 6.

These allegations fail at the most basic level. The incomplete sentences and abbreviated references are insufficient for the Court to understand with confidence the facts that Plaintiff is attempting to allege. Further, vague references to "representative" and "they" are not sufficient to identify who was doing the described behavior.

Finally, the complaint alleges, "Bank open [*sic*] a lawsuit against me to use Bankruptcy to delay the Trustee's sale case no. 16-90558-E-7 that was on my favor." Doc. 1 at 7. This allegation presents a variety of problems. First, the case number provided does not concern Plaintiff or any property in Tulare County. The amended complaint should allege the correct case number, explain that the bankruptcy action took place in a jurisdiction other than the Eastern District of California, or allege facts explaining how Plaintiff is related to Bankruptcy case number 16-90558-E-7.

Allegations concerning the bankruptcy case and sale must also provide sufficient information to allow the Court to determine whether Plaintiff's claims are properly brought in an action in the district court or must be brought (or should have been brought) in the bankruptcy action. If the complaint is intended to be an appeal of a bankruptcy court decision, the complaint should disclose that and attach the Bankruptcy Court's underlying decision as an exhibit to the

4

complaint, incorporated by reference. The factual allegations concerning the bankruptcy should also be sufficiently detailed to support its relevance to Plaintiff's claim of mortgage fraud.

When Plaintiff amends the complaint, he should allege the facts and circumstances setting forth the procedural and factual history of his claim in chronological order. Each fact should be set forth in a separately numbered paragraph. Use of complete sentences will more fully express what Plaintiff is trying to say and help the Court understand the claim and its basis. Each actor should be specifically identified. Without a clear understanding of the facts of this case, the Court cannot evaluate whether it has jurisdiction over Plaintiff's claim and whether the claim is substantively plausible.

## VI. Conclusion and Order

The complaint fails to state a claim upon which relief can be granted. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified in this order. The amended complaint should be brief but must clearly identify the federal statute giving rise to Plaintiff's claim and state what each Defendant did that rendered it liable to Plaintiff under the statute. Fed.R.Civ.P. 8(a). An amended complaint supersedes the prior complaint and should be complete in itself without the Court or Defendants having to rely on any prior or superseded pleading. Local Rule 220.

Based on the foregoing, it is hereby ORDERED that:

1. The above-captioned complaint is dismissed with leave to amend for failure to state a claim;

2. Within thirty (30) days of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within thirty (30) days of this order, this action will be dismissed without prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 11, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

5