# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT, | Case No. 1:16-cv-01855-AWI-SKO |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS** |
| v. | **(Doc. 7)** |
| NEW CENTURY MORTGAGE CORPORATION, et al., | |
| Defendants. | |

Before the Court is the screening determination regarding Plaintiff's First Amended Complaint (the "Amended Complaint"). (Doc. 7 at 1.) For the reasons provided herein, the Court FINDS that the Amended Complaint fails to state a claim on which relief may be granted. The Court therefore DISMISSES the Amended Complaint with leave to amend within thirty days.

## I. BACKGROUND

On December 9, 2016, Plaintiff filed his first *pro se* complaint in this Court. (Doc. 1.) On the same date, Plaintiff also filed an Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion to Proceed *In Forma Pauperis*"). (Doc. 2.)

On April 12, 2017, the Court entered an Order Dismissing Complaint with Leave to Amend. (Doc. 6.) In this order, the Court discussed various deficiencies in Plaintiff's complaint,

(*see id.* at 3–5), and permitted Plaintiff to "file an amended complaint curing the deficiencies identified by the Court" within "thirty . . . days" of the entry of the order, (*id.* at 5).

Plaintiff then filed his single-page Amended Complaint on April 26, 2017. (Doc. 7 at 1.) As such, the initial screening determination for the Amended Complaint is currently before the Court.

## II.  LEGAL STANDARD

Courts are required to "screen . . . an action filed by a plaintiff proceeding *in forma pauperis*." *Shirley v. Univ. of Idaho, Coll. of Law*, 800 F.3d 1193, 1194 (9th Cir. 2015) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)); *see, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "applies to all *in forma pauperis* complaints" (emphasis added)). Under the relevant provisions relating to screening complaints, courts "shall dismiss the case at any time if the court determines that" (1) "the allegation of poverty is untrue," or (2) "the action . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A plaintiff's claim is frivolous 'when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'" *Morales v. City of Bakersfield*, Case No.: 1:15-cv-01652-JLT, 2015 WL 9481021, at *1 (E.D. Cal. Dec. 29, 2015) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Dismissal for failure to state a claim "is proper where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *MCI Commc'ns Servs., Inc. v. Sec. Paving Co.*, Case No. 1:15-CV-01940-LJO-JLT, 2016 WL 1436521, at *2 (E.D. Cal. Apr. 12, 2016) (quoting *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" the following: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." The pleading standard provided by Rule 8 "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "In practice, 'a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (quoting *Twombly*, 550 U.S. at 562).

In determining whether a complaint states a claim, the factual "allegations in the complaint . . . are accepted as true and construed in the light most favorable to the plaintiff," *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), and "all doubts" are "resolve[d] . . . in the pleader's favor," *MCI Commc'ns Servs., Inc.*, 2016 WL 1436521, at *2 (citation omitted). However, "to be entitled to the presumption of truth, . . . a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Additionally, as Plaintiff is appearing *pro se* in this action, "the court must construe the pleadings liberally and must afford [the] plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1

(9th Cir. 1985)). *See generally Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than a person who benefits from the representation of counsel." (citation omitted)). Nonetheless, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

Finally, "[p]ro se complaints . . . may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)); *see, e.g.*, *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." (citation omitted)). Thus, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the [c]ourt may dismiss without leave to amend." *Melger v. Obama*, No. 2:16-cv-1527 AC P, 2017 WL 1213363, at *2 (E.D. Cal. Mar. 31, 2017) (citing *Cato*, 70 F.3d at 105–06).

### III. DISCUSSION

The Amended Complaint in this case has two fatal deficiencies. First, the Amended Complaint fails to identify the defendants in this action. The Amended Complaint provides certain allegations against various parties, such as an "[a]gent from New Century," "Wells Fargo Bank," "3 different[] Lawyers," a third party who "used [Plaintiff's] name and" a false "signature" to receive "a lien" on Plaintiff's property, and "First American Title Change." (Doc. 7 at 1.) However, Plaintiff never identifies which of these parties are the defendants in this matter. (*See id.*) The Court reiterates its pertinent guidance from its Order Dismissing Complaint with Leave to Amend: "Should Plaintiff file an amended complaint, . . . he must (1) name all defendants in the caption and (2) include factual allegations against each defendant in the body of the complaint."

4

(Doc. 6 at 3.) The Court encourages Plaintiff to use a template for the amended complaint—such as in his first complaint, (*see* Doc. 1)—to clearly identify the defendants in this case.

Second, the Amended Complaint fails to identify Plaintiff's causes of action. As previously stated by the Court in its Order Dismissing Complaint with Leave to Amend, "[t]he amended complaint should identify the federal statute under which" Plaintiff's "claim proceeds." (Doc. 6 at 3.)

For these reasons, the Court finds that the Amended Complaint fails to state a claim on which relief may be granted. The Court therefore finds that the Amended Complaint is properly dismissed.

## A. Plaintiff May File a Second Amended Complaint

As often noted by the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, Plaintiff may be able to remedy the deficiencies in the Amended Complaint through amendment. The Court therefore finds that it is appropriate to provide an opportunity for Plaintiff to file a second amended complaint.

If Plaintiff elects to file a second amended complaint, the Court encourages Plaintiff to resolve the deficiencies identified above and remain mindful of both (1) the legal standard for stating a claim, as provided herein, and (2) the Court's previous statements regarding a properly filed complaint in its first Order Dismissing Complaint with Leave to Amend. (*See* Doc. 6.)

The Court also cautions Plaintiff that "[a]n amended complaint must be legible, must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims." *Borders v. City of Tulare*, CASE NO. 1:16-cv-1818-DAD-SKO, 2017 WL 1106039, at *4 (E.D. Cal. Mar. 23, 2017). Additionally, "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint." *Id.* (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

| | |
|---|---|
| 1 | The Court declines to rule at this time on Plaintiff's pending Motion to Proceed *In Forma* |
| 2 | *Pauperis*. (Doc. 2.) If Plaintiff files a second amended complaint, it will be reviewed and the |
| 3 | Court will make a determination regarding the Motion to Proceed *In Forma Pauperis*. However, if |
| 4 | Plaintiff does not timely file an amended complaint or fails to cure the deficiencies identified in |
| 5 | this Order, the Court will deny the Motion to Proceed *In Forma Pauperis* and recommend that the |
| 6 | presiding district court judge dismiss the Complaint with prejudice and, consequently, terminate |
| 7 | this case. |

### IV.     CONCLUSION

For the reasons provided herein, the Court DISMISSES the Amended Complaint, (Doc. 7 at 1), WITHOUT PREJUDICE and WITH LEAVE TO AMEND. The Court further ORDERS that Plaintiff may file a second amended complaint, if he so chooses, **by no later than thirty (30) days from the date of this Order**.

<u>Finally, the Court CAUTIONS Plaintiff that, if he fails to file a timely second amended complaint in compliance with this Order, the Court will recommend that the presiding district court judge dismiss the Amended Complaint *with prejudice* and, as such, terminate this case.</u>

IT IS SO ORDERED.

Dated:     **June 16, 2017**                                   /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE