# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NEW CENTURY MORTGAGE CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01855-AWI-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS**<br><br>(Doc. 10) |

## I.　　INTRODUCTION

Before the Court is Plaintiff's second amended complaint (the "Second Amended Complaint"), filed on July 13, 2017, by Plaintiff Cesar Betancourt ("Plaintiff") against Defendant New Century Mortgage Corporation, Defendant Wells Fargo Bank, Defendant Quality Loan Services Corporation, and Defendant First American Title (collectively "Defendants"). (Doc. 10.) The Court has screened the Second Amended Complaint and finds that, despite the Court's explicit recitation of the deficiencies in the original complaint and in the first amended complaint, it fails to state a claim on which relief may be granted. The Court therefore DISMISSES the Second Amended Complaint with leave to amend within thirty days.

//

## II. BACKGROUND

On December 9, 2016, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants. (Doc. 1.) On April 6, 2017, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 5.) However, on April 12, 2017, the undersigned dismissed Plaintiff's complaint, finding various deficiencies with it. (Doc. 6.) The Court granted Plaintiff thirty (30) days leave to file an amended complaint, and gave the following pertinent guidance for curing the deficiencies identified in the order: "Should Plaintiff file an amended complaint, . . . he must (1) name all defendants in the caption and (2) include factual allegations against each defendant in the body of the complaint." (*Id.* at 3.)

On April 26, 2017, Plaintiff filed a one-page amended complaint.[1] (Doc. 7.) The amended complaint alleged facts related to Plaintiff's home mortgage, including that Wells Fargo denied Plaintiff's request for a loan modification, that Wells Fargo commenced a lawsuit against Plaintiff in state court, and that someone falsified a $20,000 lien against Plaintiff's home. (Doc. 7 at 1.)

On June 16, 2017, the undersigned found that Plaintiff's amended complaint, like his original complaint, failed to identify "which of the[] parties [mentioned in the amended complaint] are the defendants in this matter." (Doc. 8 at 5.) The undersigned also found that "the Amended Complaint fails to identify Plaintiff's causes of action." The undersigned granted Plaintiff a second opportunity to amend his complaint within thirty (30) days, curing the pleading deficiencies identified in the order. (*Id.* at 5-6.) The undersigned reiterated the following guidance given in the order dismissing Plaintiff's original complaint: (1) "name all defendants in the caption;" (2) "include factual allegations against each defendant in the body of the complaint;" and (3) "identify the federal statute under which Plaintiff's claim proceeds." (*Id.* at 4-5) (internal quotation and citation omitted).) The undersigned further encouraged Plaintiff to1 "use a template for the amended complaint . . . to clearly identify the defendants in this case." (*Id.* at 5.)

On July 13, 2017, Plaintiff filed his Second Amended Complaint. (Doc. 10.) The Second Amended Complaint appears to be comprised of three handwritten pages, and it includes

---

[1] Although the amended complaint itself was only a single page, it included 33 pages of supporting documents purportedly related to Plaintiff's mortgage. (*See* Doc. 7.)

approximately 240 pages of supporting documents. (*See id.* at 1, 16, 25). In the Second Amended Complaint, Plaintiff identifies the following parties as "Proof of Contacts/Points of Contacts": (1) two individuals with Wells Fargo (Karen Lee, Vice President and William Pinkerton, Senior Vice President); (2) two individuals with America's Servicing Company (Randy Bockenstedt, Senior Vice President and Justin Forbes, Customer Care and Recovery Group); (3) the Real Estate Law Center and two lawyers (Ruben Moreno and Randy Risner) who "were hired on [Plaintiff's] behalf to assist [him]" with obtaining a home loan; (4) the Office of the Controller of the Currency Consumer Financial Protection Bureau; and (5) "[a]gents assigned to contact Modification Dept." (*Id.* at 1, 10, 25.) Plaintiff alleges "negligence by the bank/servicing company because multiple parties I shared information with were unable to follow-up my paperwork." Plaintiff further alleges that such acts were done "on purpose to benefit [the] lender," and "only caused more fees [to be] added to my mortgage."

After screening the Seconded Amended Complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint and first amended complaint, Plaintiff has failed to state any cognizable federal claims for the reasons set forth below.

### III. LEGAL STANDARD

In cases where a plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the plaintiff fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the Second Amended Complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient

to give each defendant fair notice of Plaintiff's claims and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Second Amended Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

### IV.     DISCUSSION

Turning to the instant case, Plaintiff's Second Amended Complaint suffers from the same defects found by the Court in his original complaint and first amended complaint: (1) Plaintiff fails to specifically state what role the parties named in the Second Amended Complaint played in the acts alleged; (2) Plaintiff fails to state *how* the acts alleged violate any federal or state law(s); and (3) Plaintiff fails to allege facts establishing this Court's subject matter jurisdiction over the

4

1  matter.

## A. Plaintiff Fails to State Which Parties Committed the Alleged Wrongful Acts and How the Alleged Wrongful Acts Violate the Law.

Plaintiff's Second Amended complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Community Redev. Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Plaintiff's Second Amended Complaint is neither short nor plain. It contains three handwritten pages, but attached to it are approximately 240 pages of supporting documents. (*See generally* Doc. 10.) The Second Amended Complaint is unclear and it lacks important factual details regarding what happened and who was involved. For instance, Plaintiff identifies several parties, but he does not specifically identify what each party allegedly did that was improper and caused him harm. Rather, Plaintiff vaguely indicates that "the bank/servicing company" was negligent in failing "to follow-up [on Plaintiff's] paperwork" concerning a requested loan modification, and that such acts were done "on purpose to benefit [the] lender" and "only caused more fees [to be] added to [Plaintiff's] mortgage." (*Id*.) Nor is it sufficient for Plaintiff to use the phrase "Proof of Contacts/Points of Contacts," and thereafter list the parties mentioned above without any further identifying information. When multiple defendants are named, a plaintiff must allege the basis of his claims as to each defendant—it is improper to simply lump defendants together. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040 (N.D. Cal. 2015); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). In other words, Plaintiff must identify the specific wrongful acts that each defendant performed and how each defendant either caused Plaintiff harm or is responsible for Plaintiff's harm. *See id.* With

respect to Plaintiff's supporting documents, while permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims. *See* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

Plaintiff's Second Amended Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure. If Plaintiff elects to amend his Second Amended Complaint, he must meet the requirements of Rule 8 by clearly and succinctly setting forth the facts that Plaintiff believes give rise to each claim, including the identity of the defendant(s) involved.

**B.     Plaintiff Fails to Allege Facts Establishing Subject Matter Jurisdiction.**

Plaintiff's Second Amended Complaint fails to identify any federal or state law claim over which the Court may assert jurisdiction, despite the Court's prior instruction in the Order Dismissing the First Amended Complaint that Plaintiff should "identify the federal statute under which Plaintiff's claim proceeds." (Doc. 8 at 5.)

Federal Courts have no power to consider claims for which they lack subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal district courts are vested with subject matter jurisdiction over cases that pose a federal question, 28 U.S.C. § 1331, and cases in which there exists diversity of citizenship between the parties, 28 U.S.C. § 1332. *See also Montana–Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."); *White v. Paulsen*, 997 F. Supp. 1380, 1382–83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474–75 (9th Cir. 1994)). The Court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties, and it must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir.

1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

### 1.     Federal Question Jurisdiction

Plaintiff's Second Amended Complaint alleges that "the bank/servicing company" was negligent in failing "to follow-up [on Plaintiff's] paperwork" concerning a requested mortgage modification, and that such acts were done "on purpose to benefit [the] lender" and "only caused more fees [to be] added to [Plaintiff's] mortgage." (Doc. 10 at 25.) Although Plaintiff does not identify any law—federal or state—which he believes was violated by these acts, liberally construed it appears that Plaintiff's allegations attempt to raise consumer protection law claims. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). To the extent that Plaintiff is seeking to raise *federal* consumer protection law claims—and thereby establish that subject matter jurisdiction exists on the basis of federal question—Plaintiff should clearly identify the particular federal consumer protection law(s) under which he seeks relief, and he should "provide succinct and coherent factual allegations supporting" his entitlement to relief under such law(s). *Futrell v. Superior Court of Sacramento Cnty.*, No, 2:10-cv-2425 JAM KJN, 2011 WL 666494, at *2 (E.D. Cal. Feb. 14, 2011).

### 2.     Diversity of Citizenship Jurisdiction

To the extent, however, that Plaintiff is seeking to raise *state* consumer protection or fraud claims, Plaintiff should clearly identify the particular state law(s) under which he seeks relief, and, as stated above, he should "provide succinct and coherent factual allegations supporting" his entitlement to relief under such law(s). *Futrell*, 2011 WL 666494, at *2. If Plaintiff is raising only state law claims, and not federal claims, he must additionally allege facts establishing that diversity of citizenship between the parties exists—and thereby establish that subject matter jurisdiction exists on the basis of diversity.

Pursuant to 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction on the basis of diversity of citizenship where the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." In other words, the plaintiff and the

7

defendant in such a case must be citizens of different states to satisfy the complete diversity requirement. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806) (no plaintiff can be a citizen of the same state as any of the defendants). Here, the Second Amended Complaint indicates that Plaintiff is a citizen of California. (Doc. 10 at 25.) However, it is silent as to the citizenship of any of the defendants.[2]

Accordingly, if Plaintiff is seeking to raise only state law claims, Plaintiff should specifically identify the amount of money in controversy in this matter and the place of citizenship of each defendant.

**C. Plaintiff May File a Third Amended Complaint.**

As often noted by the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, Plaintiff may be able to remedy the deficiencies in the Second Amended Complaint through amendment. The Court therefore finds that it is appropriate to provide an opportunity for Plaintiff to file a third amended complaint.

**If Plaintiff elects to file a third amended complaint, the Court encourages Plaintiff to specifically identify (1) the federal law(s) and/or state law(s) which he believes was violated by the acts alleged, (2) Plaintiff's state of citizenship and the state of citizenship for each party named in the Second Amended Complaint, (3) the amount of money in controversy in this case, (4) the role each party named in the Second Amended Complaint played in the acts alleged, and (5) how the acts alleged violate the law(s) identified.**

---

[2] The Court notes that the civil cover sheet that Plaintiff submitted with his original complaint indicated that "Quality Loan Service Corp"—the only defendant named in the civil cover sheet—is located in San Diego, California. (Doc. 2.) The original complaint, however, is no longer the operative complaint as Plaintiff has twice subsequently filed an amended complaint, and therefore the allegations in the attached civil cover sheet are no longer operative. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc) (stating that amended complaint supersedes the original complaint and any prior amended complaints); *see also* Rule 220 of the Local Rules of the United States District Court, Eastern District of California (requiring any amended complaint to be "complete in itself without reference to the prior or superseded pleading").

The Court again encourages Plaintiff to use a template for the third amended complaint—if Plaintiff elects to file a third amended complaint—as Plaintiff used for his original complaint. Plaintiff is reminded that supporting documents are not necessary in the federal system of notice pleading, but they are permissible if incorporated by reference. *See* Fed. R. Civ. P. 8(a), 10(c). Plaintiff should remain mindful of both the legal standard for stating a claim, as provided herein, and the Court's previous statements regarding a properly filed complaint in its Order Dismissing Complaint with Leave to Amend, (*see* Doc. 6), and its Order Dismissing Amended Complaint with Leave to Amend, (*see* Doc. 8).

The Court cautions Plaintiff that "[a]n amended complaint must be legible, must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims." *Borders v. City of Tulare*, CASE NO. 1:16-cv-1818-DAD-SKO, 2017 WL 1106039, at *4 (E.D. Cal. Mar. 23, 2017). Additionally, "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint." *Id.* (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Finally, Plaintiff is advised that each amended complaint supersedes the original complaint and any prior amended complaints. *See Lacey*, 693 F.3d at 907 n.1. Any third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files a third amended complaint, if Plaintiff should so elect, neither the original complaint nor the first and second amended complaints serves any function in the case. Therefore, in a third amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V.  ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. 10) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND;
2. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file a third amended complaint; and

9

3. If Plaintiff fails to file a timely third amended complaint in compliance with this Order, the Court will recommend that the presiding district court judge dismiss the second amended complaint *with prejudice* and, as such, terminate this case.

IT IS SO ORDERED.

Dated: __**December 27, 2017**__             /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE