# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. BETANCOURT,<br><br>                Plaintiffs,<br><br>   v.<br><br>NEW CENTURY MORTGAGE CORPORATION, et al.,<br><br>                Defendants.<br>_____/ | Case No. 1:16-cv-01855-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S THIRD AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 12)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I.    PROCEDURAL BACKGROUND

On December 9, 2016, Plaintiff Cesar A. Betancourt ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendants New Century Mortgage Corporation, Wells Fargo Bank, Quality Loan Services Corporation, American's Servicing Co., and First American Title (collectively "Defendants"). (Doc. 1 at 1, 4.) On April 6, 2017, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 5.) However, on April 12, 2017, the undersigned dismissed Plaintiff's complaint, finding various deficiencies with it. (Doc. 6.) Plaintiff was granted thirty (30) days leave to file an amended complaint, and the undersigned gave the following pertinent guidance for curing the deficiencies identified in the order: "Should

Plaintiff file an amended complaint, . . . he must (1) name all defendants in the caption and (2) include factual allegations against each defendant in the body of the complaint." (*Id.* at 3.)

On April 26, 2017, Plaintiff filed a one-page first amended complaint ("FAC").[1] (Doc. 7.) The FAC alleged facts related to Plaintiff's home mortgage, including that Wells Fargo denied Plaintiff's request for a loan modification, that Wells Fargo commenced a lawsuit against Plaintiff in state court, and that someone falsified a $20,000 lien against Plaintiff's home. (Doc. 7 at 1.)

On June 16, 2017, the undersigned found that Plaintiff's FAC, like his original complaint, failed to identify "which of the[] parties [mentioned in the amended complaint] are the defendants in this matter." (Doc. 8 at 5.) The undersigned also found that the FAC "fail[ed] to identify Plaintiff's causes of action." The undersigned granted Plaintiff a second opportunity to amend his complaint within thirty (30) days, curing the pleading deficiencies identified in the order. (*Id.* at 5-6.) The undersigned reiterated the following guidance given in the order dismissing Plaintiff's original complaint: (1) "name all defendants in the caption;" (2) "include factual allegations against each defendant in the body of the complaint;" and (3) "identify the federal statute under which Plaintiff's claim proceeds." (*Id.* at 4-5) (internal quotation and citation omitted).) The undersigned further encouraged Plaintiff to1 "use a template for the amended complaint . . . to clearly identify the defendants in this case." (*Id.* at 5.)

On July 13, 2017, Plaintiff filed a second amended complaint ("SAC"). (Doc. 10.) The SAC contained three handwritten pages and approximately 240 pages of supporting documents, and it named the following parties as defendants: (1) two individuals with Wells Fargo (Karen Lee, Vice President and William Pinkerton, Senior Vice President); (2) two individuals with America's Servicing Company (Randy Bockenstedt, Senior Vice President and Justin Forbes, Customer Care and Recovery Group); (3) the Real Estate Law Center and two lawyers (Ruben Moreno and Randy Risner) who "were hired on [Plaintiff's] behalf to assist [him]" with obtaining a home loan; (4) the Office of the Controller of the Currency Consumer Financial Protection Bureau; and (5) "[a]gents assigned to contact Modification Dept." (*Id.* at 1, 10, 25.) The SAC

---

[1] Although the amended complaint itself was only a single page, it included 33 pages of supporting documents purportedly related to Plaintiff's mortgage. (*See* Doc. 7.)

2

alleged "negligence by the bank/servicing company because multiple parties [Plaintiff] shared information with were unable to follow-up [his] paperwork," and that such acts were committed "on purpose to benefit [the] lender," and "only caused more fees [to be] added to [Plaintiff's] mortgage." (*See id.* at 1, 16, 25).

On December 27, 2017, the undersigned found that Plaintiff's SAC failed to identify which parties committed which wrongful acts, and it failed to establish subject matter jurisdiction on the basis of either federal question or diversity of citizenship. (Doc. 11 at 5-8.) The undersigned granted Plaintiff a third opportunity to amend his complaint within thirty (30) days, curing the pleading deficiencies identified in the order. (*Id.* at 8-9.) The undersigned provided Plaintiff with the following guidance:

> If Plaintiff elects to file a third amended complaint, the Court encourages Plaintiff to specifically identify (1) the federal law(s) and/or state law(s) which he believes was violated by the acts alleged, (2) Plaintiff's state of citizenship and the state of citizenship for each party named in the Second Amended Complaint, (3) the amount of money in controversy in this case, (4) the role each party named in the Second Amended Complaint played in the acts alleged, and (5) how the acts alleged violate the law(s) identified.

(*Id.* at 8.)

On January 25, 2018, Plaintiff filed a third amended complaint ("TAC"). (Doc. 12.) After screening Plaintiff's TAC, the undersigned finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint, FAC, and SAC, Plaintiff has failed to state any cognizable federal claims. Accordingly, the undersigned RECOMMENDS that Plaintiff's TAC be DISMISSED without leave to amend.

## II.   LEGAL STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the amended complaint fails to

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the amended complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing *pro se*, the Court must also construe the allegations of the amended complaint liberally and afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.") (internal citations omitted).

## III. PLAINTIFF'S THIRD AMENDED COMPLAINT

The TAC is comprised of ten pages. (*See generally* Doc. 12.) Plaintiff names Wells Fargo Bank, N.A., Americas Servicing Company, Quality Loan Service Corp., and Does 1 through 50 as defendants, and alleges that each defendant regularly conducted business in California. (*Id.* ¶¶ 2, 4-7.) Plaintiff alleges that in 2005 he obtained a mortgage loan for $600,000 to purchase a single-family home in Tulare, California. (*Id.* ¶¶ -10.) The interest rate on the loan was fixed at 7.0%. (*Id.* ¶ 10.) Plaintiff contends that the loan was "high-cost, high-risk," and that he was "steered into" it by "usurious terms." (*Id.* ¶ 11.) In 2010, Plaintiff's loan was modified, reducing the interest rate to 4.0%. (*Id.* ¶ 12.) However, Plaintiff's monthly payment amount remained at $3,300, which Plaintiff contends was unaffordable given his monthly gross household income of $4,200. (*Id.* ¶¶ 12-13.) Plaintiff alleges that, as a result, he is in danger of foreclosure.[2] (*Id.* ¶ 19.)

Based on these allegations, Plaintiff attempts to state three causes of action. First, Plaintiff asserts that Defendants are liable for negligence under California law because the original loan was unaffordable. He contends that both the original loan and loan modification "exacerbated Plaintiff's financial position with terms designed to result in a forfeiture of Plaintiff's property" and Plaintiff faces foreclosure as he owes a principal balance of $577,000. (Doc. 12. ¶¶ 15-18.)

As to the second cause of action, Plaintiff claims that Defendants engaged in unfair competition in violation of California Business and Professions Code § 17200 *et seq*. (*See generally* Doc. 12. ¶¶ 22-31.) In particular, Plaintiff alleges a deceptive pattern and practice by Defendants of employing unfair, overly aggressive mortgage loan servicing, concealing material facts with regard to high interest rates, charging unfair fees, falsely advising borrowers that they qualify for loan modifications, obtaining premature loan defaults, and illegally foreclosing on

---

[2] Plaintiff appears to have omitted from the TAC certain facts that he previously alleged in FAC and SAC. In particular, Plaintiff does not include in the TAC the previously alleged fact that, following his loan modification in 2010, Plaintiff applied for a further loan modification, which Wells Fargo denied. (*See* Doc. 7 at 1.) Nor does Plaintiff allege in the TAC the previously alleged fact that Wells Fargo has commenced a foreclosure action against Plaintiff in state court. (*See id*.) The Court cautioned Plaintiff in its prior orders dismissing Plaintiff's complaint and amended complaints that any newly amended complaint "must be 'complete itself without reference to the prior or superseding pleading,'" and that the prior or superseding pleadings will no longer "serve[] any function in this case." (Doc. 11 at 9 (quoting E.D. Cal. L.R. 220); *see also* Doc. 6 at 5.) As such, the Court will not consider these facts. To the extent that these facts were alleged here, the TAC would still suffer the incurable defects set forth below.

residential properties. (*Id.* ¶¶ 23, 25.) Plaintiff further alleges that Defendants induced him into obtaining "mortgages for which he was not qualified," and inflated his home valuation. (*Id.* ¶ 22.) According to Plaintiff, he suffered financial injury as a result of Defendants' practices. (*Id.* ¶ 27.)

Plaintiff's third cause of action claims that Defendants violated "[t]he implied covenant of good faith and fair dealing . . . contained in the Deed of Trust and Promissory Note." (Doc. 12 ¶ 33.) Plaintiff alleges that Defendants "induced" him to stop paying his mortgage, as that would help him qualify for a loan modification. (*Id.* ¶ 34-35.) Plaintiff alleges that Defendants' conduct was designed to give Defendants an unfair advantage over Plaintiff in foreclosing on his home and profiting from such foreclosure. (*Id.* ¶ 37.)

Plaintiff seeks "general damages, special damages, and any other compensation or disgorgement of no more than $750,000," restitution, and "a reduction in the interest rate . . . as well as a reduction in the principal balance of $577,000.00." (Doc. 12 ¶¶ 20, 28-31.)

### IV. DISCUSSION

The TAC suffers the same deficiencies as Plaintiff's SAC in that it fails to allege facts establishing the Court's subject matter jurisdiction over the matter. Federal courts have no power to consider claims for which they lack subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In civil disputes, federal district courts are vested with subject matter jurisdiction over cases that pose a federal question, 28 U.S.C. § 1331, and cases in which there exists diversity of citizenship between the parties, 28 U.S.C. § 1332. *See also Montana–Dakota Util. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions."); *White v. Paulsen*, 997 F. Supp. 1380, 1382–83 (E.D. Wash. 1998) (citing *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1474–75 (9th Cir. 1994)).

The Court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties, and it must dismiss an action over which it lacks

jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The burden is on the federal plaintiff to allege facts establishing that jurisdiction exists to hear his claims.

**A.  Plaintiff Fails to Allege Facts Establishing the Existence of a Federal Question.**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 227 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 1994) (the "well-pleaded complaint rule" requires a plaintiff to properly plead a federal question to obtain federal jurisdiction on that basis). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, the undersigned previously instructed Plaintiff that if he intended to raise any federal claims—particularly federal consumer protection law claims—he "should clearly identify the particular federal consumer protection law(s) under which he seeks relief, and he should 'provide succinct and coherent factual allegations supporting' his entitlement to relief under such law(s)." (Doc. 11 at 7 (citing *Futrell v. Superior Court of Sacramento Cnty.*, No, 2:10-cv-2425 JAM KJN, 2011 WL 666494, at *2 (E.D. Cal. Feb. 14, 2011)).) Despite that instruction, Plaintiff's TAC does not identify any federal law which he believes was violated by the acts alleged in the TAC. Rather, the TAC purports to raise only claims of negligence and unfair competition under California law, as well as a contract claim under state law that Defendants violated the implied covenant of good faith and fair dealing. (Doc. 12 ¶¶ 15-18, 22-31, 33); *see, e.g., Garcia-Cardenas v. Immigration Legal Services, APC*, 1:13-cv-01065-AWI-SKO, 2013 WL 4542223, at *2 (E.D.

7

Cal. Aug. 27, 2013) (finding no federal question where plaintiff's complaint raised a claim for breach of contract) (citing *Plaza Residential Parcel Homeowners Ass'n v. Hoan*, 376 F.3d 831, 840 (9th Cir. 2004) (claims for "damages stemming from alleged breach of contract" ordinarily arise under state law); *Gonzales v. City of Clovis*, 1:12-cv-00053, 2012 WL 1292580, at *3 (E.D. Cal. Apr. 3, 2012) (finding no federal question where complaint asserted claims of negligence, intentional infliction of emotional distress, and common law assault, and violations of the California Constitution, the California Civil Code, the California Government Code, and the California Penal Code). In fact, Plaintiff concedes in the TAC that it is his "desire and decision to avoid federal jurisdiction by avoiding any matters involving a federal question in this Complaint . . . ." (*Id.* ¶¶ 20, 31, 41.)

Given these facts, as well as the three prior opportunities to state a cognizable federal claim, Plaintiff has demonstrated no reasonable possibility—or desire—that he can establish a cognizable federal claim. Accordingly, the undersigned recommends that Plaintiff's TAC be dismissed, and that Plaintiff be granted no further leave to amend the complaint in order to state federal question jurisdiction. *See*, *e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (dismissing claim with prejudice as futile where plaintiffs would have been unable to state a cognizable claim); *Alfaro v. Alfaro*, 2006 WL 3497321, at *1-2 (E.D. Cal. Dec. 5, 2006) (dismissing complaint with prejudice where there was no reasonable possibility that plaintiff could state a federal claim).

**B.     Plaintiff Fails to Allege Facts Establishing Diversity of Citizenship.**

The undersigned next turns to diversity jurisdiction. The undersigned previously instructed Plaintiff that, to the extent he seeks to raise state law claims only, he must identify the particular state laws, describe how the acts committed by Defendants violated those state laws, and allege facts establishing that diversity of citizenship between the parties exists. (Doc. 11 at 7.) Plaintiff does indeed identify in the TAC the state laws under which he seeks relief: he raises claims of negligence, unfair competition, and breach of contract under California law. However, Plaintiff does not allege facts establishing diversity of citizenship.

//

Pursuant to 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction on the basis of diversity of citizenship where the matter in controversy exceeds $75,000 and is between "citizens of a State and citizens or subjects of a foreign state." In other words, the plaintiff and each defendant in such a case must be citizens of different states to satisfy the complete diversity requirement. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L. Ed. 435 (1806) (no plaintiff can be a citizen of the same state as any of the defendants); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 553 (2005) (one instance of common citizenship between plaintiffs and defendants will prevent federal jurisdiction); *Owen Equip, & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[c]omplete diversity" means that all plaintiffs must have citizenship different than all defendants); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). For diversity purposes, a corporation is "deemed to be a citizen of every state . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Plaintiff must allege, in the pleadings, the facts essential to show proper and complete diversity jurisdiction in order to maintain standing in federal district court." *Alberto v. Bank of America, Nat. Assoc.*, 2012 WL 5355663, at *1 (E.D. Cal. Oct. 29, 2012) (citing *Fifty Assocs. v. Prudential Ins. Co. Of America*, 446 F.2d 1187, 1190 (9th Cir. 1970)).

Measured by these requirements, Plaintiff's TAC is insufficient to confer jurisdiction on the Court. Plaintiff, a citizen of California, names three defendants, Wells Fargo Bank, N.A., Americas Servicing Company, and Quality Loan Service Corp, in this lawsuit. (Doc. 12 ¶¶ 3-6.) Plaintiff alleges that Wells Fargo is "organized under the laws of the Unites States, doing business in California as a residential lender." (*Id.* ¶ 4.) Plaintiff alleges that Americas Servicing Company "regularly conducted business in the state of California as a residential loan servicer." (*Id.* ¶ 5.) Plaintiff alleges that Quality Loan Service Corp's address is located in San Diego, California. (*Id.* ¶ 6.) As Plaintiff plainly alleges that he and each defendant are citizens of California, complete diversity is lacking. The undersigned therefore recommends that Plaintiff's TAC be dismissed for lack of diversity of citizenship, and that Plaintiff be granted no further leave to amend the

complaint to allege diversity jurisdiction. *See*, *e.g.*, *Jefferson v. City of Fresno*, 1:16-cv-01298-LJO-SKO, 2016 WL 8731385, at *3 (E.D. Cal. Nov. 4, 2016) (dismissing complaint with prejudice for lack of diversity where plaintiff alleged that he was a citizen of California and that the defendant was a citizen of California); *Smith v. British Petroleum of America*, No. Civ. S-07-0293 LKK DAD PS, 2007 WL 1557464, at *3 (E.D. Cal. May 29, 2007) (dismissing complaint with prejudice where plaintiff and two of the defendants were citizens of California, concluding that "[d]ismissal of plaintiff's claim as to all defendants who are California citizens would not cure the defect because diversity jurisdiction was lacking at the time of filing the suit").

**C.     Amendment Would Be Futile.**

While leave to amend must be freely given, the Court is not required to permit futile amendments. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Plaintiff's TAC does not set forth any viable federal claim, nor does it allege the existence of complete diversity between the parties. Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the TAC should be dismissed. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the existence of subject matter jurisdiction.") A fourth opportunity for Plaintiff to amend his complaint would be futile because Plaintiff expressly denied the existence of a federal question, and there is no set of facts Plaintiff could allege in a fourth amended complaint to establish jurisdiction over his claims on the basis of diversity. Accordingly, the action should be dismissed with prejudice and without leave to amend.

### V.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiffs' third amended complaint be DISMISSED without leave to amend for failure to state a cognizable federal claim; and

2. The case be CLOSED.

| | |
|---|---|
| 1 | The Court further DIRECTS the Clerk to send a copy of this order to Plaintiffs at their |
| 2 | respective addresses listed on the docket for this matter. |

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 19, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE